IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD D. CURRY,
      Plaintiff,

vs.                            Case No.:  3:16cv483/MCR/EMT

R. JOHNSON,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward D. Curry ("Curry"), an inmate of the Florida Department of Corrections ("FDOC"), is proceeding pro se and in forma pauperis in this civil rights action.  Presently before the court is Curry's Second Amended Complaint (ECF No. 47).  Defendant Correctional Officer R. Johnson filed a motion to dismiss one of Curry's claims and Curry's request for monetary damages (ECF No. 52).  Curry has not responded to the motion to dismiss, even though he was directed to do so (ECF No. 53).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.        BACKGROUND

Curry names Correctional Officer R. Johnson as the sole Defendant in this civil rights case (ECF No. 47 at 1, 2). Curry claims that Johnson subjected him to excessive force on July 7, 2016, in retaliation for Curry's filing grievances against two of Johnson's co-workers, in violation of the First and Eighth Amendments (*id.* at 5–7). Curry seeks punitive damages in the amount of $250,000 (*id.* at 7).

On August 17, 2017, Officer Johnson filed a motion to dismiss, contending Curry's retaliation claim is subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 52). Officer Johnson also seeks dismissal of Curry's request for punitive damages, on the ground that recovery is barred by the Eleventh Amendment and 42 U.S.C. § 1997e(e) (*id.*). The court directed Curry to file a response to the motion to dismiss on or before September 18, 2017 (*see* ECF No. 53). As noted above, as of the date of docketing of this Report and Recommendation, Curry has not filed a response.

II.     MOTION TO DISMISS STANDARD

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* <u>Davis v. Monroe Cnty. Bd. of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). "Pro se pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); Saunders v. Duke, 766 F.3d 1262, 1272 (11th Cir. 2014); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . .").

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability,

it stops short of the line between possibility and plausibility of entitlement to relief."
*Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

The same standard applies when the court screens complaints filed by prisoners and plaintiffs proceeding in forma pauperis. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted).

III.    CURRY'S FACTUAL ALLEGATIONS

Curry alleges on July 7, 2016, as Officer Johnson was handcuffing him on the recreation yard, Officer Johnson asked Curry to identify himself (Second Amended Complaint at 5). Curry alleges he told Johnson his name, and Johnson began bending Curry's fingers back while ordering him to stop filing grievances about his co-workers, Sergeant Oakes and Lieutenant Gaynor (id.; see also Complaint, ECF No. 1 at 8). Curry alleges that after ten minutes of bending his fingers, Johnson bent Curry's wrist and shoved his handcuffed hands into the handcuff box (Second Amended Complaint at 5). Curry alleges Johnson's conduct resulted in injuries to his thumb and wrist, specifically, a swollen and painful thumb and a cut on his wrist (id.). Curry alleges he was alone inside the "recreation cage" when Officer Johnson engaged in this conduct, and Curry posed no threat to anyone, including himself (id.). Curry alleges the next day, he sought medical treatment for his thumb and wrist (id.). Curry states he was unable to move his thumb (id.). Curry alleges the nurse provided "muscle rub cream" and two ibuprofen tablets and scheduled him for a follow-up visit

(*id.*).  Curry alleges he went to a follow-up visit to on July 12, 2016 (*id.*).  Curry

alleges the nurse observed his hand and determined that diagnostic testing in the form

of an x-ray was warranted (*id.*).  Curry alleges he received the x-ray the next day, and

on July 18, 2016, the nurse informed him that the x-ray indicated that his thumb was

not broken (*id.* at 5–6).  Curry alleges on August 4, 2016, he sought medical care for

his thumb, because it was still swollen and painful when he attempted to use it (*id.* at

6).

Curry filed this lawsuit on September 22, 2016, approximately two and a half

months after the incident (*see* ECF No. 1 at 1).  Curry claims that Officer Johnson's

conduct constituted excessive force and retaliation, in violation of the First and Eighth

Amendments (Second Amended Complaint at 7).  He seeks punitive damages in the

amount of $250,000 (*id.*).

IV.    DISCUSSION

A.    Limitations on Recovery

1.    Eleventh Amendment Immunity

Officer Johnson argues that to the extent Curry sues him in his official capacity

for damages, the claim is barred by Eleventh Amendment immunity (*see* ECF No. 52

at 5–6).

The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  *See* Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).   Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bars Curry's claims for monetary damages against Officer Johnson in his official capacity.  Therefore, Officer Johnson's motion to dismiss should be granted in this regard.

2.    42 U.S.C. § 1997e(e)

Officer Johnson argues that to the extent Curry sues him in his individual capacity for punitive damages, the claim is precluded by 42 U.S.C. § 1997e(e), because Curry cannot demonstrate he suffered more than a de minimis physical injury (*see* ECF No. 52 at 6–7)

Section 1997e(e), which is an affirmative defense, provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act . . . ." 42 U.S.C. § 1997e(e); *see* Douglas v. Yates, 535 F.3d 1316, 1320–21 (11th Cir. 2008) (holding that

§ 1997e(e) is an affirmative defense and not a jurisdictional limitation).  Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]"  Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir.) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000). Section 1997e(e) precludes the recovery of compensatory and punitive damages without a prior showing of physical injury. *See* Al-Amin v. Smith, 637 F.3d 1192, 1197–98 (11th Cir. 2011).

The leading case on this issue from the Eleventh Circuit, Harris v. Garner, held that in order to satisfy § 1997e(e), a prisoner must allege a physical injury that is more than de minimis, but need not allege that it is significant.   190 F.3d 1279, 1286–87. In so holding, the court intended to "fuse" the physical injury analysis under § 1997e(e) with the framework set out by the Supreme Court in Hudson v. McMillian, 503 U.S. 1, 9–10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment. Harris, 190 F.3d at 1286.  The Harris court was careful to state that its holding did not affect its Eighth Amendment jurisprudence, and it used the Eighth Amendment standards only to guide its analysis under § 1997e(e).  In a footnote to its opinion, the court left open

the question of whether a de minimis use of physical force might satisfy section 1997e(e) if it were found "repugnant to the conscience of mankind." Harris, 190 F.3d at 1287 n.7 (quoting Hudson, 503 U.S. at 10, 112 S. Ct. at 1000).

As it concerns the framework for resolving excessive force claims under the Eighth Amendment, Hudson set out the following:

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See* [Whitley v. Albers, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)]. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See* Estelle [v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976)] (proscribing torture and barbarous punishment was 'the primary concern of the drafters' of the Eighth Amendment); Wilkerson v. Utah, 99 U.S. 130, 136, 25 L. Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture . . . and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See* Johnson v. Glick, 481 F.2d [1028,] 1033 [2d Cir. 1973] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Whitley, 475 U.S. at 327, 106 S. Ct. at 1088 (quoting

Estelle, *supra*, 429 U.S. at 106, 97 S. Ct. at 292) (internal quotation marks omitted).

Hudson, 503 U.S. at 9–10.  More recently, the Supreme Court reiterated the holding of Hudson, rejecting once again "the notion that 'significant injury' is a threshold requirement for stating an excessive force claim."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (explaining that the "core judicial inquiry" is "that nature of the force" used by prison officers as opposed to the extent of the injury inflicted).  The Court noted that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  Wilkins, 559 U.S. at 38.  Notwithstanding, a prisoner's "relatively modest . . . alleged injuries will no doubt limit the damages he may recover."  Wilkins, 559 U.S. at 40.

One pivotal point should be noted, however.  Neither Hudson nor Wilkins mention the physical injury requirement of § 1997e(e).  Thus, while those two opinions remain binding precedent for resolving Eighth Amendment excessive force claims, this court's primary source for resolving the § 1997e(e) issue remains the Eleventh Circuit's Harris decision.  While Harris does mention fusing its 1997e(e) analysis with the framework of Hudson, the fact nevertheless remains that the

emphasis in <u>Harris</u> was on the threshold amount of *injury* required under

§ 1997e(e)—greater than de minimis—not on the amount of *force*.

In fact, <u>Harris</u> went on to hold that the use of force presently before it, namely

that the inmate was forced to "dry shave," resulted in a de minimis physical injury and

therefore did not meet the threshold requirement under § 1997e(e).[1] <u>Harris</u>, 190 F.3d

at 1287. Subsequent cases finding only de minimis physical injury on their facts have

similarly followed <u>Harris</u> and found that the § 1997e(e) requirement was not satisfied.

*See* <u>Mann v. McNeil</u>, 360 F. App'x 31, 32 (11th Cir. 2010) (unpublished) (plaintiff

alleged vague injuries to his back and scrapes and marks on his legs); <u>Quinlan v.</u>

<u>Personal Trans. Servs. Co.</u>, 329 F. App'x 246, 248–49 (11th Cir. 2009) (asthmatic

plaintiff alleged temporary chest pain, headache, difficulty breathing and periodic

back pain after being transported in prison van); <u>Dixon v. Toole</u>, 225 F. App'x 797,

799 (11th Cir. 2007) (plaintiff, after being forced to sleep in "strip cell" on a concrete

platform, claimed—but could not evidence—an aggravation of his preexisting injuries

and exposure to Hepatitis-C from his cellmate, and further alleged bruises and welts

from shackles); <u>Borroto v. McDonald</u>, No. 5:04cv165/RH/WCS, 2006 WL 2789152,

---

[1] The plaintiff (among several) who was the subject of the § 1997e(e) inquiry in <u>Harris</u> also alleged that defendants performed a body cavity search upon him while members of the opposite sex were present, but the court stated that only the "dry shave" incident was before the court for purposes its § 1997e(e) inquiry. <u>Harris</u>, 190 F.3d at 1286–87.

at *5 (N.D. Fla. Sept. 26, 2006) (defendants allegedly punched plaintiff repeatedly in his abdomen and on the back of his head, hit him on his left ear, and picked him up off the ground and dropped him on his head, which only resulted in bruising and minimal edema of the lower left ear lobe and a red line approximately one centimeter long behind the left ear on the scalp).[2]

The Eleventh Circuit's recent decision in Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), bears particular mention. The inmate in that case alleged that, while hospitalized, he was placed in maximum-security restraints, and though he was given medicine that gave him loose stools, the guard refused to lower his waist-chains such that the inmate was forced to defecate into his jumpsuit and lie in his own excrement for two days. Brooks, 800 F.3d at 1298. Although this case was cast under the Eighth Amendment as one of deliberate indifference to medical needs rather than one of excessive force, the court nonetheless spoke in recognition of the degrading and humiliating nature of the defendants' alleged actions—adding that the guards in question laughed at the inmate and taunted him while he suffered. *Id.* Despite the degrading nature of the alleged harm, which seems on a par with the "repugnant to the

---

[2] Courts in other circuits have also determined that Eighth Amendment claims should similarly be subject to de minimis injury inquiry. *See, e.g.*, Mitchell v. Horn, 318 F.3d 523, 535–36 (3rd Cir. 2003) (citing Harris with approval and noting that its decision is in line with decisions of the Ninth, Eleventh, and Fifth Circuit Courts of Appeal) (other citations omitted).

conscience of mankind" standard evoked in <u>Hudson</u> and <u>Wilkins</u> for excessive force cases, and suggested in <u>Harris</u> as the source of a possible exception to the de minimis injury rule of § 1997e(e), the court in <u>Brooks</u> nevertheless held that the inmate's alleged physical injuries were de minimis and applied § 1997e(e) to bar the inmate's claims for compensatory and punitive damages. <u>Brooks</u>, 800 F.3d at 1303. The court noted that the inmate's constitutional claim for nominal damages, however, was not barred. *Id.*

Although Curry did not file a response to Officer Johnson's motion to dismiss, he previously submitted, in response to a now-dismissed Defendant's motion to dismiss, an affidavit describing his physical injury in more detail than he described in the Second Amended Complaint (*see* General Affidavit of Edward D. Curry, ECF No. 40, Ex. B). In the affidavit, dated June 1, 2017, Curry states:

> I am still unable to use my left thumb without having to endure pain. Sometime [sic] when it gets cold my thumb throbs real bad. I take ibuprofen pills sometimes when the pain feels unbearable. It's been almost a year now since it's been injured but I'm still unable to use it. Whenever I try to do so it hurts badly. This injury has really disturbed my daily activities by being unable to use my hand due to the pain and not being able to squeeze (grip), carry things that are heavy, or push things. This injury seems to be irrepairable [sic].

(Curry Aff.).

While it is a close call, Curry's allegation of pain and swelling which required pain relievers and diagnostic testing, coupled with his allegations of continuing pain which has persisted during the year between the use of force and the submission of his affidavit and affects use of his hand, appear to allege more than the vague injury or periodic episodes of pain found by the Eleventh Circuit to be de minimis as a matter of law for purposes of § 1997e(e). *See, e.g.*, Merritt v. Godfrey, No. 3:13cv607/LAC/EMT, 2015 WL 5439306, at *8 (N.D. Fla. Aug. 10, 2015) (concluding, at motion to dismiss stage, that plaintiff's allegations of back pain while sitting or standing, which persisted and worsened during the year and a half between the use of force that the filing of the complaint, were sufficient to survive dismissal), *Report and Recommendation Adopted By* 2015 WL 5440570 (N.D. Fla. Sept. 19, 2015). *Cf.* Quinlan, 329 F. App'x at 248–49 (concluding, at motion to dismiss stage, that plaintiff's complaints of temporary chest pain, headache, and difficulty breathing, as well as subsequent periodic episodes of back pain, none of which required immediate medical attention or evidenced physical injury besides discomfort, did not amount to more than de minimis physical injury); Mann, 360 F. App'x at 32 (concluding, at motion to dismiss stage, that plaintiff's complaints of vague injuries to his back, and scrapes and marks on his knees and legs, did not amount to more than

de minimis physical injury). Further factual development is needed to determine whether Curry's physical injury was more than de minimis. *Compare* Goodwin v. Hatten, No. 1:07cv123-MMP/AK, 2010 WL 750290, *5 (N.D. Fla. Mar. 1, 2010) (concluding, at summary judgment stage, that plaintiff presented sufficient evidence to demonstrate a genuine issue of material fact as to whether his injuries from defendant's use of force (i.e., defendant's slapping plaintiff in the face and punching him in the ribs) were more than de minimis; plaintiff alleged he suffered "unbearable" pain in his ribs and was unable to breathe deeply, medical staff prescribed ibuprofen for pain and ordered diagnostic testing (x-ray, which resulted in normal findings), and medical staff observed bruising and swelling that lasted no more than one week); *with* Johnson v. Moody, 206 F. App'x 880, 885 (11th Cir. 2006) (concluding, at summary judgment phase, that injury to prisoner's finger, sustained after metal tray door was forcibly closed on his hand, was not more than de minimis, where injury merely required a tetanus shot, bandages, and non-prescription pain relievers), *and* Harvard v. Beaudry, No. 3:12cv289/LAC/CJK, 2014 WL 4626016. at *10 (N.D. Fla. Sept. 12, 2014) (concluding, at summary judgment stage, that plaintiff failed to present sufficient evidence to demonstrate a genuine issue of material fact as to whether his injuries from defendant's use of force (i.e., defendant's pulling plaintiff's right arm

through handcuff portal up to plaintiff's right shoulder and continuously pulling,

twisting, and bending it, causing plaintiff to cry out in pain) was more than de

minimis; plaintiff alleged he suffered sore shoulder and forearm and broken arm, but

evidence demonstrated that the only physical injury attributable to the use of force was

a "knot" on the knuckle of plaintiff's right finger, slightly swollen fingers on his right

hand, and a scratch on the back of his right arm). Therefore, Officer Johnson's motion

to dismiss Curry's individual capacity claim for punitive damages should be denied

at this stage of the case.

B.    Retaliation Claim

Officer Johnson contends Curry's factual allegations fail to state a plausible

claim of retaliation (*see* ECF No. 52 at 8–10). Johnson contends Curry cannot

establish he suffered any adverse action which would likely deter a person of ordinary

firmness from filing grievances (*id.*). Johnson further argues Curry failed to provide

any substantive factual support for his assertion that Johnson injured Curry's thumb

and wrist in retaliation for filing grievances (*id.*).[3]

The First Amendment forbids prison officials from retaliating against prisoners

for exercising the right of free speech. *See* <u>Crawford-El v Britton</u>, 523 U.S. 574, 588

---

[3] Officer Johnson does not argue that Curry's factual allegations fail to state a plausible excessive force claim.

n.10, 592–93, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted). "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1112 (11th Cir. 2006). To prevail on a claim of retaliation, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *See* <u>Douglas</u>, 535 F.3d at 1321 (citing <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *See* <u>Douglas</u>, 535 F.3d at 1321. As to the second element, the Eleventh Circuit employs a purely objective standard: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." <u>Bennett</u>, 423 F.3d at 1253. In adopting this objective standard, the Eleventh Circuit expressly rejected a subjective "actual chill" standard; in other words, a plaintiff need not show that the retaliatory conduct actually chilled his exercise of his First Amendment rights, rather,

he need only show that the retaliatory acts would likely deter a person of ordinary firmness from exercising his First Amendment rights. *Id.* at 1254.

The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech, "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008). The subjective motivation issue is resolved under the burden-shifting formula of Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977). *See* Hartman v. Moore, 547 U.S. 250, 260, 126 S. Ct. 1695, 64 L. Ed. 2d 441 (2006) (citing Mt. Healthy, 429 U.S. at 285–87; Crawford-E;, 523 U.S. at 593); Smith, 532 F.3d at 1278. Initially, the plaintiff must plead and provide sufficient evidence of the retaliatory motive and the adverse action. *See* Hartman, 547 U.S. at 259–60. "[U]pon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of . . . ." *Id.* at 260 (citing Mt. Healthy, 429 U.S. at 287).

Assuming the truth of Curry's factual allegations, as this court must at the motion-to-dismiss stage, the facts plausibly suggest that Officer Johnson retaliated

against Curry for filing administrative grievances concerning his co-workers, Sergeant Oakes and Lieutenant Gaynor.  Curry specifically alleges Officer Johnson ordered him to stop filing grievances as he inflicted physical pain and injury by forcefully bending Curry's fingers back.  These allegations state a plausible claim of retaliation. Therefore, Officer Johnson's motion to dismiss should be denied in this respect.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Defendant's motion to dismiss (ECF No. 52) be **GRANTED IN PART** and **ONLY** as to Plaintiff's claims for monetary damages against Defendant in his official capacity.

2.      That this case be remanded to the undersigned for further proceedings.

At Pensacola, Florida this 22nd day of November 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**