IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD D. CURRY,
     Plaintiff,

vs.                     Case No.:  3:16cv483/MCR/EMT

R. JOHNSON,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward D. Curry ("Curry") proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983.  Presently before the court is Defendant's motion for summary judgment, with supporting evidentiary materials (ECF No. 75).  Curry responded in opposition to the motion (ECF No. 77).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b).   After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that Defendant's motion for summary judgment should be granted.

I.      BACKGROUND AND INTRODUCTION

At all times relevant to this action, Curry was an inmate of the Florida Department of Corrections ("FDOC"), housed at Santa Rosa Correctional Institution (*see* Second Amended Complaint, ECF No. 47 at 5–6).[1]  Defendant Officer R. Johnson was a member of the security staff at Santa Rosa C.I. (*see id.*).  Curry claims that Defendant Johnson subjected him to excessive force on July 7, 2016, in retaliation for Curry's filing grievances against two of Johnson's co-workers, in violation of the First and Eighth Amendments (*id.* at 5–7).  Curry seeks punitive damages in the amount of $250,000 (*id.* at 7).

The court previously dismissed Curry's claim for monetary damages against Defendant Johnson in his official capacity (*see* ECF No. 61).  Defendant Johnson now seeks summary judgment on Curry's individual capacity claims (*see* ECF No. 75). Johnson contends no reasonable jury could possibly find that Curry suffered more than a de minimis injury as a result of Johnson's alleged use of force on July 7, 2016; therefore, Curry cannot show an Eighth Amendment violation, and Curry cannot establish an entitlement to punitive damages on either the excessive force claim or the retaliation claim, pursuant to 42 U.S.C. § 1997e(e) (*id.* at 5–10).  Curry contends he suffered more than a de minimis injury as a result of Defendant Johnson's conduct (*see* ECF No. 77 at 3–4).

---

[1] Curry was released from prison on August 19, 2018 (*see* ECF Nos. 79, 80, 81, 83).

Case No.:  3:16cv483/MCR/EMT

## II.    LEGAL STANDARDS

### A.    Summary Judgment

In order to prevail on a motion for summary judgment, the moving party must show that the nonmoving party has no evidence to support his or her case or present affirmative evidence that the nonmoving party will be unable to prove his or her case at trial.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  If the moving party successfully negates an essential element of the nonmoving party's case, the burden shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*, 477 U.S. at 248.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Id.*  The nonmoving party must show more than the existence of a "metaphysical doubt" regarding the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Speculation or conjecture from a party cannot create a genuine issue

of material fact.  *See* Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005).

"A mere scintilla of evidence in support of the nonmoving party will not suffice to

overcome a motion for summary judgment."  Young v. City of Palm Bay, Fla., 358

F.3d 859, 860 (11th Cir. 2004); *see also* Celotex Corp., 477 U.S. at 324.  The

nonmoving party must either point to evidence in the record or present additional

evidence sufficient to withstand a directed verdict motion at trial based on the alleged

evidentiary deficiency.  *See* Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235,

1236 (11th Cir. 1997) (Rule 56 requires the nonmoving party to go beyond the

pleadings and by his or her own affidavits, or by the depositions, documents,

affidavits or declarations, admissions, interrogatory answers or other materials on file

designate specific facts showing that there is a genuine issue for trial); Hammer v.

Slater, 20 F.3d 1137 (11th Cir. 1994).

With regard to the factual positions asserted by the parties, the court must apply

the standard set forth in Rule 56(c) of the Federal Rules of Civil Procedure, which

provides in relevant part:

> **(1) Supporting Factual Positions.**  A party asserting that a fact cannot
> be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including
> > depositions, documents, electronically stored information,
> > affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers,
or other materials; or

**(B)** showing that the materials cited do not establish the absence
or presence of a genuine dispute, or that an adverse party cannot
produce admissible evidence to support the fact.

. . . .

**(4) Affidavits or Declarations.**  An affidavit or declaration used to
support or oppose a motion must be made on personal knowledge, set
out facts that would be admissible in evidence, and show that the affiant
or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (2010).

Facts asserted in hearsay statements which are not subject to a hearsay

exception, and thus would not be admissible in evidence, are insufficient to show that

a fact is genuinely disputed.  "The most obvious way that hearsay testimony can be

reduced to admissible form is to have the hearsay declarant testify directly to the

matter at trial."  Jones v. UPS Ground Freight, 683 F.3d 1283, 1294 (11th Cir. 2012)

(citing Pritchard v. S. Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996)).  If a fact

cannot be presented in a form that would be admissible in evidence, it cannot be used

for purposes of summary judgment.  *See* Macuba v. Deboer, 193 F.3d 1316, 1322

(11th Cir. 1999); *see* Fed. R. Civ. P. 56(c).

If a party fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by Rule 56(c), the court will

consider the fact undisputed for purposes of the motion for summary judgment, or grant summary judgment if the moving party's motion and supporting materials—including the facts considered undisputed—show that the moving party is entitled to it.  *See* Fed. R. Civ. P. 56(e)(2, 3) (2010).

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him or her.  *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).  Nonetheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove.  *See* Celotex Corp., 477 U.S. at 317.  A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322.

B.    Eighth Amendment Excessive Force Claim

A claim of excessive force under the Eighth Amendment has a subjective and an objective component.  Under the subjective component, it must be shown that the prison official's actions amounted to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

"Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'"  Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting Whitley, 475 U.S. at 320–21).  In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including:  "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response."  Hudson v. McMillian, 503 U.S. 1, 7–8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *see also* Whitley, 475 U.S. at 321; Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999).  The evidence must reveal more than "a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives."  Whitley, 475 U.S. at 322.  Further, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  Whitley, 475 U.S. at 321 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

In addition to the "subjective component" described above, there exists an "objective component" that determines if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  *See* Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  In situations involving allegations of excessive force, the Supreme Court has abrogated any requirement that the resulting injury be "significant."  Hudson, 503 U.S. at 9.  However, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Id.* (quotation omitted). "[Excluded] from constitutional recognition [are] de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.*, 503 U.S. at 9–10 (quotation marks and citation omitted); Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) ("[A] minimal amount of force and injury . . . will not defeat an officer's qualified immunity.").  The Eleventh Circuit has repeatedly held that a push or shove that causes pain and necessitates merely minor medical treatment or none at all is not a constitutional violation, even where the prisoner was restrained and no further force was necessary. *See, e.g.*, Jones v. City of Dothan, 121 F.3d 1456, 1460–61 (11th Cir. 1997); Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994). Moreover, an unsupported or conclusory allegation that the prisoner suffered serious injury should be discounted,

and the absence of further evidence of injury justifies the conclusion that the use of

force on the prisoner was minimal.  *See* Brown v. Smith, 813 F.2d 1187 (11th Cir.

1987); Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990).

    C.    First Amendment Retaliation Claim

The First Amendment forbids prison officials from retaliating against prisoners

for exercising the right of free speech.  *See* Crawford-El v Britton, 523 U.S. 574, 588

n.10, 592–93, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); Farrow v. West, 320 F.3d

1235, 1248 (11th Cir. 2003) (citations omitted); Adams v. James, 784 F.2d 1077, 1080

(11th Cir. 1986) (citation omitted); *see also* Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  "First

Amendment rights to free speech and to petition the government for a redress of

grievances are violated when a prisoner is punished for filing a grievance concerning

the conditions of his imprisonment."  Boxer X v. Harris, 437 F.3d 1107, 1112 (11th

Cir. 2006).  To prevail on a claim of retaliation, the inmate must establish these

elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory

conduct adversely affected the protected speech; and (3) there is a causal relationship

between the retaliatory action and the protected speech.  *See* Douglas v. Yates, 535

F.3d 1316, 1321 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250,

1254 (11th Cir. 2005)); Cummings v. Harrison, 695 F. Supp. 2d 1263, 1274–75 (N.D.

Fla. 2010). A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *See* <u>Douglas</u>, 535 F.3d at 1321 (quoting <u>Boxer X</u>, 437 F.3d at 1112). As to the second element, the Eleventh Circuit employs a purely objective standard: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." <u>Bennett</u>, 423 F.3d at 1253. In adopting this objective standard, the Eleventh Circuit expressly rejected a subjective "actual chill" standard, that is, a plaintiff suffers adverse action only if the retaliatory conduct actually chilled the exercise of his First Amendment rights. *Id.* at 1250–54. The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech, "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement." <u>Smith v. Mosley</u>, 532 F.3d 1270, 1278 (11th Cir. 2008).

D.    <u>Limitation on Recovery Imposed by 42 U.S.C. § 1997e(e)</u>

Title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions"

means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citation omitted). Where a prisoner plaintiff alleges constitutional violations, he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of a physical injury. *See* Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (citing Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) (punitive damages), and Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory damages), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part en banc*, 216 F.3d 970).

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002). In Harris v. Garner, the Eleventh Circuit stated, "We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant." 197 F.3d at 1286. Under binding circuit precedent, this court therefore must "fus[e] the physical injury analysis under section

1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment." *Id.*

### III. MATERIAL FACTS

As this case comes before the court on Defendant's motion for summary judgment, the court is required to view the facts in the light most favorable to Curry, the nonmoving party. *See* Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993); *see also* Iqbal, 556 U.S. at 679. The court does so here, referring to Curry's verified Second Amended Complaint (ECF No. 47) and taking those facts from the parties' pleadings and summary judgment materials of record. *See* Perry v. Thompson, 786 F.2d 1093, 1095 (11th Cir. 1986) (holding that specific facts pled in a sworn complaint must be considered in opposition to summary judgment); Fed. R. Civ. P. 56(c); N.D. Fla. Loc. R. 56.1(B), (C), (F). Nevertheless, the court observes that what are stated as "facts" herein for purposes of summary judgment review may not be the actual facts. *See* Montoute v. Carr, 114 F.3d 181, 182 (11th Cir. 1997).

On July 7, 2016, while Defendant Officer Johnson was handcuffing Curry in the "cage" of the recreation yard, Johnson asked Curry if he had just come from G-dormitory (Second Amended Complaint at 5; ECF No. 47). Curry responded, "Yes, sir." (*id.*). Officer Johnson asked Curry his name, and Curry told him (*id.*). Officer

Johnson then began bending Curry's fingers back while ordering Curry to stop filing grievances against his co-workers, Sergeant Oakes and Lieutenant Gaynor (*id.*).  After ten (10) seconds, Officer Johnson bent Curry's wrist and then shoved Curry's hands into the "handcuff box" (*id.*).

The next day, on July 8, 2016, Curry complained to a nurse that his wrist was scratched and his left thumb was swollen and he was unable to move it (Second Amended Complaint at 5).  The nurse provided Curry with "muscle rub cream" and two ibuprofen.  On July 12, 2016, Curry went to the medical department for a check-up of his left thumb (*id.*).  The nurse ordered an x-ray of Curry's left hand (*id.*).  Curry's left hand was x-rayed on July 13, 2016 (*id.*).  On July 18, 2016, a nurse notified Curry that the x-ray showed that his left thumb was not broken (*id.* at 5–6).  Curry states his left thumb was still swollen, and he was unable to use it (*id.* at 6).  On August 4, 2016, Curry again complained to a nurse that his left thumb was still swollen and painful, and he was unable to move it (*id.*).  Curry did not receive any additional medical treatment (*see* Complaint at 9, ECF No. 1).

During Curry's pre-trial deposition in this case, Curry admitted that prior to the incident involving Defendant Johnson, he injured the muscle ligament of his left hand when he hit another inmate at Apalachee Correctional Institution (Curry Dep. 26:17–27:20, ECF No. 75-1).  Curry stated he saw a nurse regarding this injury, but

"they pretty much ain't [sic] do nothing about it." (Curry Dep. 28:1–18).   Curry admits, and his disciplinary records show, that on June 10, 2014, while Curry was housed at Apalachee C.I., he and another inmate engaged in mutual combat, i.e., striking each other in their heads and upper torsos with closed fists (*see* FDOC Disciplinary Report Log #102-141277, ECF No. 75-2 at 2–3; Curry's General Aff. ¶ 2; ECF No. 77 at 6).

Curry's medical records show that six months later, on October 31, 2014, Curry submitted a sick-call request to the medical department at Apalachee C.I. stating the following:

> My hand needs to be x-rayed.  The swelling has finally gone down after 3 weeks.  I believe that I broke something in my hand because I can't move my left thumb.  Plus I can feel my bone in a area [sic] of my hand that I believe it shouldn't be.  By far I'm no specialist, but I do know that there's something wrong with my hand.

(FDOC Office of Health Services Inmate Sick-Call Request, ECF No. 75-3).   In the sick-call request, Curry stated that the problem/symptoms started approximately three weeks prior, when he "punched the wall out of frustration" (*id.* at 2).   Curry was examined by Registered Nurse Gunn on November 3, 2014 (FDOC Office of Health Services, Fracture/Dislocation/Sprain Protocol; ECF No. 75-3 at 3–4).   RN Gunn noted limited use of the left thumb and tingling to the extremity, but no swelling, deformity, or numbness (*id.*).   Nurse Gunn provided ibuprofen and referred Curry to

a doctor (*id.*).  On November 5, 2014, Curry was seen by Dr. Alvarez (FDOC Chronological Record of Health Care, ECF No. 75-3 at 5).  Curry complained of pain and swelling of his left hand (*id.*).  Dr. Alvarez noted decreased range of motion and swelling of Curry's left thumb and "MPJ"[2] (*id.*).  Dr. Alvarez ordered an x-ray of Curry's left hand, a one-month prescription for 600 milligrams of Motrin, with two refills, and a follow-up visit in two weeks (*id.*).  The x-ray was completed on November 7, 2014 (*see id.*).

Approximately ten months later, on August 20, 2015, Curry submitted an inmate request complaining that even though the x-ray of his left hand was "negative," he was still unable to move his left thumb, and it throbbed every day (FDOC Inmate Request, ECF No. 75-3 at 6).

Curry admits, and his disciplinary records show, that four months later, on December 24, 2015, Curry struck an inmate's head with his closed left fist (*see* FDOC Disciplinary Report Log #119-153085, ECF No. 75-2 at 6–7; Curry's General Aff. ¶ 2; ECF No. 77 at 6).  With respect to this incident, Curry states he "used his hand as

---

[2] "MPJ" is the medical abbreviation for metatarsophalangeal joint pain, which is a foot disorder.  Dr. Alvarez might have meant "MCP," which is the abbreviation for the metacarpophalangeal joints, which are the joints between the metacarpal bones and the phalanges of the fingers.  *See*  https://www.ncbi.nlm.nih.gov/.

a club which didn't affect Plaintiff's injured left thumb" (Curry's General Aff. ¶ 2).[3]

Curry states his left thumb had completely healed by July 7, 2016, the date of Defendant Johnson's alleged use of force (Curry Aff. ¶ 2; ECF No. 77, attached General Affidavit).

## IV.    DISCUSSION

### A.    Eighth Amendment Claim

When this case was at the statutory screening phase, required by 28 U.S.C. § 1915(e)(2)(B), the court determined that Curry's allegations concerning the extent of his injury were sufficient to plausibly suggest that Officer Johnson's conduct on July 7, 2016, was more than a de minimis use of force.  But now with the benefit of further factual development on summary judgment, the undersigned concludes that, taking Curry's account as true, Officer Johnson's alleged use of force was no more than a de minimis use of force.  First, the type of force allegedly used by Johnson (bending back Curry's fingers for ten seconds, and then bending Curry's wrist and shoving his hands into the handcuff box) was "not of a sort repugnant to the

---

[3] Curry's disciplinary record shows, and Curry admits, two other incidents during which Curry struck other inmates, one occurred on January 17, 2015, and the other on April 16, 2017 (*see* FDOC Disciplinary Report Log #102-150107 and # 125-170523, ECF No. 75-2 at 4–5, 8–9; Curry's General Aff. ¶ 2; ECF No. 77 at 6).  Curry states his left hand was not involved in either of these incidents (Curry Aff. ¶ 2).

conscience of mankind." *See* Hudson, 503 U.S. at 10 (quotation marks omitted). Instead, it was similar to the "push or shove" referenced in Wilkins, which "almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38 (internal quotations and citation omitted).

Second, the extent of injury was minimal. Curry states that as a result of Officer Johnson's bending back his fingers (plural) for ten seconds, bending his wrist, and then shoving his hands into the handcuff box, he suffered a scratch on his wrist and swelling and an inability to move only one finger, his left thumb. His left thumb is the same finger Curry previously injured in October of 2014, and he complained then of the same symptoms, i.e., swelling and an inability to move his thumb. Curry was still complaining of throbbing and an inability to move his left thumb ten months later, on August 20, 2015. But Curry now states that during the ten months that followed (from August 26, 2015 to July 7, 2016), this injury to his left thumb "completely healed" without medical treatment (*see* Curry's General Aff. ¶ 3; ECF No. 77 at 7). Curry states he then began to suffer the same symptoms to the same finger after Officer Johnson's alleged use of force. But the fact that none of Curry's other fingers were injured, despite the fact that they were subjected to the same force used on Curry's previously injured thumb, supports a finding that Curry suffered only minor injury as a result of Officer Johnson's alleged use of force.

Based upon the undisputed facts, and viewing the disputed facts in the light most favorable to Curry, the alleged use of force by Officer Johnson was de minimis. Therefore, Officer Johnson is entitled to judgment as a matter of law on Curry's Eighth Amendment claim. *See, e.g.*, Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513–14 (11th Cir. 2013) (unpublished but recognized as persuasive authority) (affirming district court's conclusion, on summary judgment, that prison official's use of force (i.e., pressing prisoner against a wall and twisting his arm) was de minimis; prisoner suffered only minor injury of facial swelling, and the type of force used was not repugnant to the conscience of mankind); McCall v. Crosthwait, 336 F. App'x 871, 873 (11th Cir. 2009) (unpublished) (affirming district court's conclusion, on summary judgment, that the amount of officer's force and the extent of the prisoner's injury were de minimis; officer pushed prisoner out of elevator causing him to hit a partially open steel cell door and fall against a plexiglass window; prisoner complained of pain in his shoulder and forearm and was diagnosed with a bruise on his elbow and shoulder and received prescription for ibuprofen; and although prisoner alleged he incurred additional injuries, nothing in the record indicated that an "old" fracture near his eye or a bulging disc were caused by the officer's alleged use of force); Johnson v. Moody, 206 F. App'x 880, 885 (11th Cir. 2006) (unpublished) (minor nature of injury suggested that officer's pushing or kicking of metal tray door

on inmate's hand was de minimis use of force where medical records belied inmate's claim that his injury was not de minimis because:  (1) he was given a tetanus shot, and he was subsequently treated with bandages and non-prescription pain relievers; (2) his finger was not broken or fractured; (3) there was no evidence that he suffered any permanent injury or debilitating pain; and (4) fact that inmate made sick call requests for five months after incident did not mean that his subjective complaints of pain were accurate or that his injury was serious).

B.    Retaliation Claim

With respect to Curry's retaliation claim, Defendant Johnson contends that even if Curry could prove that retaliation occurred on July 7, 2016, his request for punitive damages (which is the only relief Curry requests) is barred by 42 U.S.C. § 1997e(e), because Curry cannot demonstrate he suffered more than a de minimis injury (*see* ECF No. 75 at 7).  Curry again contends his injury was more than de minimis.

The court previously considered the issue of whether Curry's alleged injury was more than de minimis, for purposes of § 1997e(e), at the motion to dismiss stage, and concluded that it was a "close call" which required further factual development (*see* ECF No. 56 at 7–16; ECF No. 61).  The undersigned now concludes that, in light of the undisputed facts, and viewing the disputed facts in the light most favorable to Curry, any injury caused by Officer Johnson's alleged retaliation was de minimis as

a matter of law for purposes of § 1997e(e).  Therefore, Curry may not recover punitive

damages for the alleged retaliation.  Since this is the only relief Curry seeks (*see*

Second Amended Complaint at 7), his retaliation claim should be dismissed.[4]

     Accordingly, it is respectfully **RECOMMENDED**:

     1.    That Defendant Johnson's motion for summary judgment (ECF No. 75)

be **GRANTED**; and

     2.    That the clerk of court be directed to enter judgment in favor of

Defendant and against Plaintiff.

     At Pensacola, Florida, this 28th day of September 2018.

               /s/ *Elizabeth M. Timothy*
               **ELIZABETH M.  TIMOTHY**
               **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] The court recognizes that nominal damages are available when a plaintiff expressly requests them or when a pro se plaintiff includes a general prayer for relief which could be liberally construed as including a request for nominal damages.  *See* Brooks, 800 F.3d at 1307–08 (holding that when a prisoner seeks nominal damages for a constitutional violation, nothing in § 1997e(e) prevents him or her from recovering them even without a showing of physical injury); Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (unpublished) (pro se state prisoner was not precluded from seeking nominal damages in § 1983 claim for his alleged emotional or mental injury due to his continued retention in close management confinement, which was allegedly in retaliation for his filing of an administrative grievance, as would violate his First Amendment rights, and district court erred by failing to liberally construe prisoner's pro se pleadings); Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009) (unpublished) (same).

     Here, neither Curry's Second Amended Complaint nor any of his pleadings, for that matter, include a request for nominal damages or a general prayer for relief (*see* ECF No. 47 at 7; *see also* Complaint, ECF No. 1 at 12; Amended Complaint, ECF No. 6 at 8).

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**